

NHAS

**FILED**

JAN 1 5 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re                          )   No. 09-38852-A-7
                               )
                               )
AKARDY and ALLA SAMCHUK,       )
                               )
          Debtors.             )
                               )
                               )
                               )
_____)

**MEMORANDUM**

The debtors have filed an ex parte motion to reopen their chapter 7 case for the purpose of amending the schedules in order to list a previously omitted creditor.

The petition was filed on September 2, 2009.  The notice of the meeting of creditors informed the creditors that this was a "no-asset" case.  Accordingly, creditors were instructed to not file proofs of claim.

The trustee ultimately filed a report of "no distribution," meaning that he had located no nonexempt assets that could be liquidated for the benefit of creditors and accordingly no dividend would be paid to them.  The trustee's report was approved without objection.

Thus, this case was a "no-asset, no-bar-date-case."  A creditor holding a claim otherwise dischargeable by the debtors had its claim discharged even though the creditor was not given notice of the bankruptcy because its claim was unscheduled.  11 U.S.C. § 727(b); <u>Beezley v. California Land Title Co. (In re</u>

Beezley), 994 F.2d 1433 (9th Cir. 1993); White v. Nielsen (In re Nielsen), 383 F.3d 922, 925 (9th Cir. 2004).  It is unnecessary to reopen the case and amend the schedules in order to discharge the claim of an omitted creditor.

If the omitted creditor's claim could have been excepted from discharge by 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6), the debtors' failure to schedule the claim when the petition was filed meant that the omitted creditor did not receive notice of the deadline for filing a complaint.  See 11 U.S.C. § 523(c); Fed. R. Bankr. P. 4007(b).  Therefore, unless the omitted creditor had actual knowledge that the petition had been filed in time to file a timely dischargeability complaint, the failure to initially schedule the claim may mean it is nondischargeable.  11 U.S.C. § 523(a)(3)(B).  Amending the schedules, however, will have no impact on the issue.

In short, merely reopening the case to permit the amendment of the schedules will have no effect whatever.  The debtors do not need to amend the schedules.  If the claim of the omitted creditor was otherwise dischargeable by a chapter 7 discharge, it was discharged even though the creditor was omitted from the schedules.

If the omitted creditor or the debtor wants a declaration that the claim is, or is not, made nondischargeable by section 523(a)(3)(B), one of them must file an adversary proceeding.  See In re Costa, 172 B.R. 954 (Bankr. E.D. Cal. 1994).

In connection with the resolution of any such adversary proceeding, two questions must be determined.  Did the omitted creditor have actual notice of the bankruptcy filing in

-2-

1  sufficient time to file a timely dischargeability complaint?  See

2  Fed.R.Bankr.P. 4007(c).  And, if there was no actual notice of

3  the petition, is its claim otherwise nondischargeable under 11

4  U.S.C. § 523(a)(2), (a)(4), or (a)(6)?[1]  If the omitted creditor

5  had actual notice, or if its claim is not excepted from discharge

6  by 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6), the court will

7  declare that the omitted claim was discharged.

8       However, whichever declaration is appropriate, it can be

9  given only in an adversary proceeding.

10      Therefore, the court will permit this case to be reopened.

11  Because this was a "no-asset, no bar date" case, the unscheduled

12  claim of the omitted creditor was discharged unless it is made

13  nondischargeable under sections 523(a)(3)(B).  To obtain a

14  declaration that an omitted claim is or is not made

15  nondischargeable by section 523(a)(3)(B), the debtors (or the

16  omitted creditor) must file, serve, and prevail in an adversary

17  proceeding.  The only reason to reopen the case is to permit the

18  filing of such an adversary proceeding.

19  Dated: 15 Jan 2010            By the Court

20

21                               Michael S. McManus
                                 United States Bankruptcy Judge
22

23  _____

24       [1]    If the omitted creditor is claiming the debts are non-
     dischargeable under 11 U.S.C. § 523(a)(1), (5), (7)-(15), (16),
25   (17), the creditor cannot be prejudiced by the omission of its
     claim in a "no asset" case.  Unlike section 523(a)(2),(4) or (6),
26   there is no deadline for the filing of such dischargeability
     complaints and nonbankruptcy courts may determine whether the
27   debts fall into the exceptions enumerated in section 523(a)(1),
     (5), (7)-(15), (16), (17).  11 U.S.C. § 523(c)(1); Fed.R.Bankr.P.
28   4007(c).

-3-